FILED'11 JUL 15 17:04 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARY E. ANTOINE,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.

Civ. No. 10-343-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#27) that plaintiff be awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

On March 29, 2010, plaintiff filed a Complaint (#2) in this court seeking judicial review of a final decision of the Commissioner of the Social Security Commission denying her application for Social Security Disability Insurance ("DIB") benefits under Title II of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3). On April 18, 2011, this court remanded (#23) plaintiff's case for further administrative proceedings pursuant to the parties' stipulation (#22) and sentence four of 42 U.S.C. § 405(g).

## LEGAL STANDARDS

To award attorney's fees under the EAJA, the Court must determine (1) that the claimant is a "prevailing party"; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make an award unjust; and (3) that the requested fees and costs are reasonable. *See* Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A). "[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether [she] later succeeds in obtaining the requested benefits." Flores v. Shalala, 49 F.3d 562, 568 (9th Cir. 1995). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (applying Hensley to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See* Hensley, 461 U.S. at 433; Atkins, 154 F.3d at 988.

## DISCUSSION

It is undisputed that plaintiff is a prevailing party, and the government apparently concedes that its position in denying her benefits application was not "substantially justified," as demonstrated by the stipulations to remand of plaintiff's case and to an award of attorney fees. Plaintiff's counsel allege a total fee of $4,981.58, as follows: in 2010, $735.25 in fees representing a combined total of 4.2 hours at an hourly rate of $175.06; and in 2011, $4,246.33 in fees representing a combined total of 23.7 hours at an hourly rate of $179.17. The parties

Page 2 – ORDER

have stipulated (#25) to an attorney fee award in the amount of $4,981.58. The court finds that the hours worked, hourly rates, and stipulated attorney fee are reasonable. Plaintiff requests that any attorney fee awarded under the EAJA be paid directly to her counsel. (Pl's Aff. & Assignment of EAJA Fee, Dckt. # 27-1). Therefore,

IT IS ORDERED that plaintiff is awarded attorney's fees under the EAJA in the amount of $4,981.58 pursuant to the stipulation of the parties (#27). Unless it is determined that plaintiff owes a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay the award of fees directly to plaintiff's counsel, Richard Sly, in accordance with the stipulation. Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010).

IT IS SO ORDERED.

DATED this 15 day of July, 2011

_____
MARK D. CLARKE
United States Magistrate Judge